# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| NATHAN HILL,<br><br>Petitioner,<br><br>v.<br><br>ORANGE COUNTY,<br><br>Respondent. | Case No. CV 20-08411-VAP (DFM)<br><br>ORDER SUMMARILY DISMISSING PETITION |

On November 6, 2020, Nathan Hill ("Petitioner"), a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). Petitioner did not challenge his 2017 conviction for assault but instead argued that the Court had denied him access to courts by "repeatedly dismissing every habeas corpus, civil suit, & disqualification of a judge motion" he has filed. Id. at 3.

The Court dismissed the Petition with leave to amend, explaining that Petitioner could not bring a First Amendment-based access-to-courts claim in a habeas corpus petition. See Dkt. 5. The Court warned Petitioner that failure to file a First Amended Petition by the deadline set in the order could result in dismissal for non-cognizability and failure to prosecute. See id. Petitioner did not respond to the Court's order, and the Court issued an order to show cause why the Petition should not be dismissed for failure to prosecute. See Dkt. 6.

Petitioner was expressly warned that failure to respond by the deadline could result in the Petition being dismissed. See id. The deadline for a response to the order to show cause has passed without any filing from Petitioner.

Petitioner cannot bring his claims in a habeas corpus petition. See Nettles v. Grounds, 830 F.3d 922, 927-28 (9th Cir. 2016) (holding that state prisoner's claim which, if successful, will not necessarily lad to immediate or speedier release from custody falls outside the "core of habeas corpus" and must instead by pursued in civil rights action under 42 U.S.C. § 1983). Additionally, Petitioner failed to respond to the Court's order to show cause. Petitioner's failure to prosecute his case is a second, independent reason for dismissal. See Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); Fed. R. Civ. P. 41(b); Carey v. King, 856 F.2d 1439 (9th Cir. 1988) (setting out factors relevant to deciding whether to dismiss action for failure to prosecute, which weigh against Petitioner).

Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that a habeas corpus petition "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Here, Petitioner is not entitled to the relief he seeks because his claims are not cognizable, and he has failed to prosecute them.

///
///
///
///
///
///
///
///

The Petition is therefore DISMISSED without prejudice. A certificate of appealability will not issue. The Court finds that jurists of reason would agree that the claims raised in the Petition are not cognizable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Date: March 15, 2021

VIRGINIA A. PHILLIPS
United States District Judge

Presented by:

DOUGLAS F. McCORMICK
United States Magistrate Judge